**STATE, ex BARKER, Relator, v. INDUSTRIAL COMMISSION, Respondent.**

Ohio Appeals, Second District, Franklin County.

No. 4353. Decided February 9, 1950.

John F. Locke, Canton, for relator.
Hon. Herbert S. Duffy, Atty. Genl., T. Vincent Martin, Asst. Atty. Genl., Columbus, for respondent.

### OPINION

By HORNBECK, J.

We shall not attempt to set out all of the operative facts in this mandamus action. Suffice to say, that the prayer of the petition is to require the respondent to grant the relator a rehearing under §1465-90 GC and/or to require it to grant relator further compensation in the maximum amount allowed by law and for any other relief to which he may be entitled.

The proof does not require that we issue an order to require the respondent to grant the relator further compensation. His claim is that he is totally disabled as a result of an injury suffered by him and for which the respondent has made several awards.

The last order of the Commission of date August 10, 1949, is,

"It appearing that the Commission's order of July 13, 1949,

does not constitute a denial of claimant's right to receive compensation on any of the grounds enumerated in §1465-90 GC, but merely constitutes a finding as to the extent of claimant's disability concerning which the Commission has final jurisdiction, it is ordered that the application for rehearing filed on July 21, 1949, be dismissed."

The order to which the application for rehearing was directed is:

"It is ordered that the Commission's order of May 12, 1949, be vacated and set aside and it is further ordered that the claimant's application filed April 19, 1949, be denied for the reason that proof on file fails to show that claimant is permanently and totally disabled; that the proof on file further shows that claimant has a permanent partial disability equivalent to 80% of the maximum provided by law, and that he has already been awarded compensation for such disability."

The question which concerns this court is whether the Commission should make an order respecting subject matter included in §1465-90 GC to which under the facts the relator claims he was entitled. We refer to this language in §1465-90 GC:

"The Commission shall definitely and specifically pass upon each and every issue raised in the claim, necessary for a proper and complete decision thereon. In all claims for compensation on account of injury, * * * if the Commission denies the right of the claimant * * * to continue to receive compensation the order of the Commission shall state the ground or grounds on which the claim was denied; and if the claim was deiend on any of the following grounds: * * * that the claimant, having received compensation (1) for the period of temporary total disability and (2) having received the maximum amount of compensation for temporary partial disability as provided in this act, and (3) having engaged in no gainful occupation for the period of four years prior to the decision of the Commission, during which time compensation has been payable to such claimant, (4) is not permanently and totally disabled as a result of the injury; * * *. If the order of the Commission does not state the ground or grounds on which the claim was denied, or if the order of the Industrial Commission is not definite in such regards, the claimant may maintain an action in mandamus against the Commission in the Supreme Court of Ohio," etc.

The relator invoked the action of the Commission on that part of §1465-90 GC in which we have indicated the material elements of the finding requested, but the Commission has

failed to make definite response to the request. As we interpret the record the Commission would be required to find in accord with the claim of respondent in brackets (1) and (2). It has made a finding responsive to the subject matter in bracket (4), but it has not made any determination of the subject matter in bracket (3). If the Commission finds that the claimant has received compensation for the period of temporary total disability and has received the maximum amount of compensation for temporary partial disability and has engaged in no gainful occupation for the period of four years prior to the decision of the Commission during which time compensation has been payable to him, then, even though it further finds that he was not permanently and totally disabled as the result of the injury, the finding and order thereon would require the Commission to grant a rehearing of the claim. We cannot say what the Commission should find respecting the engagement of relator in gainful occupation during the period set out in the Statute, but we are satisfied that he has the right to have it respond to his request that it be determined along with the other essentials of §1465-90 GC.

It will be the order of this court that the Commission make a finding and order responsive to that part of §1465-90 GC which we have discussed.

MILLER, PJ, and WISEMAN, J, concur.